## STERN BROTHERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13440.   Promulgated October 23, 1928.

*H. J. Richardson, Esq.,* and *H. R. Young, Esq.,* for the petitioner.
*I. R. Blaisdell, Esq.,* for the respondent.

OPINION.

PHILLIPS: Prior to September, 1913, the petitioner was conducting a department store on 23rd Street, in New York City. The character of that location changed and it became desirable, if not necessary, that petitioner move further uptown. It secured a lease for 20 years upon premises on 42nd Street, and in September, 1913, moved its business. At that time the lease on the 23rd Street premises had 15 or 16 months to run before its expiration. The petitioner continued to pay the rentals, taxes, mortgage interest and other charges in the nature of rentals, which the lease imposed and during the period after removal expended some $432,000 for such purposes. It also abandoned some $88,000 of fixtures. It did not charge such amounts to expenses of the years 1913 to 1915 but set them up on its books as a deferred charge to future operations. It carried them on its accounts in this manner for about 3 years, after which it wrote off 10 per cent of such amount each year. It claims that the amounts so written off are properly deductible in computing taxable income of the taxable years involved and that the amounts not written off are to be treated as assets in computing its invested capital.

The petitioner states three propositions upon which it relies. It is urged that the method of accounting regularly employed by a taxpayer shall be used unless it fails to clearly reflect the income. Section 212(b), Revenue Act of 1921. With this statement there can be no disagreement, but it should be pointed out that the section refers to a method of accounting and not to the treatment accorded on the books to an isolated transaction. It is urged that the law sanctions capitalization of the cost of an intangible asset and its exhaustion over the period of its useful life. We see no reason to

disagree with this as a statement of a general rule. It is further contended that the method employed by petitioner in setting up the items in question as a deferred charge to future operations and making annual deductions therefrom most nearly reflects the true net income of the petitioner for the entire period. With this we can not agree, despite the testimony of two accountants that such treatment was proper accounting.

We may concede that the abandonment of the old location and the move to the new was beneficial to the business of petitioner. We may also concede that the true operating income of the petitioner for the period during which it was required to pay rent on the two properties would not be truly reflected by deducting the rental paid under both leases. It does not follow that the proper treatment of this situation for income-tax purposes was to capitalize the loss sustained on the abandonment of the old premises in order that it might be charged off against income from future operations.

The lease of the premises abandoned represented a liability. The petitioner was required to pay the rental but was unable to sublease the property. The lease was of no benefit to petitioner after the change was made; rather, the amounts paid thereunder represented a loss. No income was derived from the leased premises nor was the income in the new location increased or the rent paid decreased by reason of the existence of this leasehold. That income may have been increased by the change does not justify the conclusion that the old lease had any value or that the amounts paid under it may be capitalized. The truth of the situation is that at some time in the past the petitioner entered into a lease of these premises for a term longer that it was justified by subsequent events in occupying them. The lease may have been a desirable one when executed; it may have been very valuable during some of the intermediate years but before its close it became a liability. Perhaps the amounts paid after abandonment should have been charged against the years when the lease was a valuable asset by charging such payments directly to surplus rather than considering them a charge against the income of the year when paid. Perhaps the petitioner had built up a good will at the old location which could only be preserved by the move to the new store and petitioner would be justified, from a business standpoint, in treating these payments as cost of preserving such good will. It is unnecessary for us to decide either of such questions. For tax purposes the deduction claimed can not be allowed. Allowable deductions are enumerated in section 234 of the Revenue Act of 1921. No rental or other expense of the old lease was paid or accrued during the years involved, no loss occurred from that source during the taxable years and these payments gave

rise to no property which was used in the trade or business of the taxable years for which an allowance for exhaustion, wear and tear or obsolescence might be deducted. We see no provision in the statute under which the deduction claimed could be allowed in the years before us. On the contrary, the statute provides that rentals, interest and taxes are deductions for the years in which paid or incurred, and that losses shall be taken in the year when sustained. While section 212 of the statute permits income to be returned in accordance with the method of accounting · regularly employed in keeping the books of the taxpayer, it limits this permission to cases where the method clearly reflects the income. We are satisfied that the income of the years here involved is not clearly reflected by deducting therefrom losses sustained several years in the past.

The substance of petitioner's contention is that what was in fact a loss may be treated as an asset and exhausted over subsequent years because it was good business judgment to make the change despite the loss. The advisability of taking the loss can not change the fact that it was a loss, and that this loss was sustained in the prior years. The action of the Commissioner is sustained.

At the hearing a stipulation was filed by counsel in which it was agreed that invested capital for each of the years here involved should be increased by $201,449.80, representing excessive depreciation deducted by the Commissioner for prior years in computing such invested capital.

Reviewed by the Board.

*Decision will be entered under Rule 50.*